# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br>    Plaintiff,<br><br>    v.<br><br>VAPE AND SMOKE INTERNATIONAL LLC d/b/a LOWKEY SMOKE & VAPE, and RAMI S. AL NATOUR,<br>    Defendants. | No.: 2:22-cv-08503-DSF-MAA<br><br>Order Requiring Plaintiff to Show Cause re Individual Liability |

    Plaintiff GS Holistic, LLC moves for default judgement against Defendants Vape and Smoke International LLC, d/b/a/ Lowkey Smoke & Vape (Lowkey Smoke and Vape) and Rami S. Al Natour. Dkt. 34 (Mot.) at 1.

    GS Holistic is a Delaware corporation with its principal place of business in Los Angeles, California. Dkt. 1 (Compl.) ¶ 5. Lowkey Smoke and Vape is a California corporation with its principal place of business in Torrance, California. Id. ¶ 6. Al Natour is an individual domiciled in California. Id. ¶ 7.

    GS Holistic fails to demonstrate Al Natour's liability in his individual capacity. GS Holistic contends that Al Natour is liable because he owned, managed, and operated Lowkey Smoke and Vape

during the relevant period.[1]  Id.  However, GS Holistic provides no facts in support of its assertion that Al Natour should be held individually liable.

A "corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1069 (9th Cir. 2016) (cleaned up).  "As recognized by the Ninth Circuit, '[c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, . . . or the 'central figure' in the challenged corporate activity.'" Wolf Designs, Inc. v. DHR Co., 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) (quoting Davis v. Metro Prods., Inc., 885 F.2d 515, 524 (9th Cir. 1989)).  Al Natour's status as a corporate officer, even sole corporate officer, is not sufficient to allege personal liability without more specific facts about Al Natour's conduct.  "The fact that [Al Natour] is an owner, officer, or managing agent of [Lowkey Smoke and Vape], standing alone, does not make [him] liable for the wrongful conduct of the corporation because the case law requires active, guiding participation." Deckers Outdoor Corp. v. Fortune Dynamic, Inc., No. 15-cv-769-PSG-SS, 2015 WL 12731929, at *9 (C.D. Cal. May 8, 2015).  GS Holistic fails to explain how Al Natour was "personally involved in or directed any of the allegedly infringing acts or was otherwise a 'guiding spirit' or 'central figure' in those acts."  19 Tao Vega LLC v. Holo Ltd., No. 19-cv-5640-SBA, 2019 WL 8263434, at *4 (N.D. Cal. Dec. 18, 2019) (quoting Facebook, Inc., 844 F.3d at 1069).

For these reasons, the Court orders GS Holistic to provide supplemental briefing containing facts and evidence to support a finding of individual liability against Al Natour.  GS Holistic must file a

---

[1] The Court notes that this statement in the complaint refers to all Defendants together as "OWNERS."  Compl. at 1.  There are no statements in the complaint that identify Al Natour individually.

written response within 14 days of the filing of this Order establishing Al Natour's individual liability with facts or evidence. Failure to file a response within this time may result in the claims against Al Natour being dismissed.

    IT IS SO ORDERED.

Date: August 15, 2024

                                    Dale S. Fischer
                                    United States District Judge